## DUTY OF PROVIDING A SAFE PLACE TO WORK.

Court of Appeals for Ashtabula County.

GUARRINO v. THE UNION DOCK COMPANY ET AL.

Decided, January 31, 1913.

*Master and Servant—Responsibility as Between a Dock Company and a Steamship Company—For Safety of Employees Unloading Vessel —Assumption of Risk—Ordinary Care.*

Plaintiff, an employee of a dock company, was by the direction of his employer engaged in unloading a steamship belonging to another company. While so engaged he was injured by reason of the unsafe condition of the place where he was working. *Held:*

1. The duty of furnishing a safe place for the plaintiff to work rested on his employer, the dock company, and not on the steamship company.
2. The plaintiff by engaging in the employment, by direction of his employers and without objection on his part, of unloading the boat of another company, did not assume the risk of the unsafe condition of the place where he was working.
3. The duty which plaintiff owed to the steamship company was that of ordinary care only.

*Anderson & Lamb,* for plaintiff in error.
*H. H. McKeehan,* contra.

METCALFE, J.; NORRIS, J., and POLLOCK, J., concur.

The plaintiff in error, Stefano Guarrino, was plaintiff below, and brought this action for damages for injuries occasioned by the alleged negligence of the defendants. Upon the trial at the close of the evidence the trial judge, on motion of the Union Dock Company, directed a verdict in its favor. Thereupon the case was submitted to the jury as between the plaintiff and the Interstate Steamship Company and a verdict was rendered in the favor of the defendant steamship company. The errors here assigned are, first, that the court erred in directing a verdict in favor of the Union Dock Company, and that the court erred in the charge to the jury. The Union Dock Company is the

owner and operator at Ashtabula Harbor of a number of machines used in unloading iron ore from boats. The Interstate Steamship Company is the owner of a boat known as the B. F. Jones. At the time the plaintiff was injured the B. F. Jones was unloading at the docks of the Union Dock Company, and the machines of the dock company were doing the work of unloading. The men who had charge of the machines and who were doing the work of unloading, including the plaintiff, were in the employ of the Union Dock Company, and not of the Interstate Steamship Company. The hold of the boat where the iron ore is stored consists of several compartments, each of which has a separate hatch. As the machines progressed in the work of unloading it became necessary to move them from one hatch to another, and when they were so moved it was necessary for the workmen who were in the hold of the boat attending to the filling of the hoppers to move to the different hatches as the machines moved. In so doing it was necessary to climb a ladder to the top of the compartment and then travel along a passageway on the side of the boat from one hatch to another. At the time of the accident to the plaintiff the unloading machine upon which the plaintiff was working had been moved from one compartment to another and the plaintiff was going from the one where he had been at work to the one where the machine had been moved. He was going in the usual manner and along the usual route. There was upon the shelf or gangway where the plaintiff was obliged to walk in going from one hatch to another some timbers which are called strong-backs. It was dark in going through the place where these things were left, and the plaintiff, as he came to the top of the ladder and stepped over the side of the hatch onto the gangway or shelf, as it is called by some, stepped upon one of these timbers and was thrown or knocked to the bottom of the boat, and there received some injuries.

There is evidence in the case tending to show that the gangway where these timbers had been left was not a proper place for them, and clearly it was a question for the jury whether or not there was negligence on the part of the defendant companies,

or either of them, in leaving them in that place, and whether or
not the plaintiff had been furnished a safe place to work.

The duty of furnishing a safe place for his workmen rests
upon the employer, and the fact that the place where the men
were working belonged to another company does not excuse the
dock company from its duty in that respect in the least, but the
fact that the duty of furnishing a safe place in which to work
rested upon the dock company could not in any way excuse
the steamship company from the consequences of its negligence
in leaving the place where the plaintiff was working unsafe.
The plaintiff in engaging in the work of unloading boats as-
sumed no greater and no different risk than he would have as-
sumed if the boat had been owned by the dock company, his em-
ployer; consequently he did not assume the risk of the unsafe
condition of the boat.  It being a question for the jury to deter-
mine whether or not the place provided by the defendants for
the plaintiff to work was a safe place it was error in the trial
judge to direct a verdict in favor of the dock company.

Was the charge erroneous?  The part of the charge com-
plained of was as follows:

"The plaintiff is presumed to have assumed the risk of such
injuries from accident which were incident to the nature and
character of the work in which he was engaged, and against
which the defendant could not, in the exercise of ordinary care,
have protected him."

And again:

"The plaintiff is not entitled to relief against the defendant
for injuries resulting from known and obvious dangers avoid-
able by the exercise of ordinary care on his part, notwithstand-
ing the defendant may have been negligent.  Such injuries, to
gether with such as may have happened, if you so find, with no
fault on the part of the defendant were assumed by the plaint-
iff."

The question of assumption of risk is a question between em-
ployer and employee.  The plaintiff's contract of employment
was with the Union Dock Company and not with the Interstate
Steamship Company.  He did not assume the risk of any neg-

ligence on the part of the steamship company; neither did he assume the risk of the unsafe condition of the place where he was working. We think, therefore, that the charge is erroneous and misleading, and for these reasons judgment is reversed, as to both of the defendants.

Judgment reversed.